FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 NOV -2 PM 3: 37

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CARLYN D. MEBANE,

    Plaintiff,

CASE NO.: 3:12-CV-1211-J-25TEM

COMMERCIAL RECOVERY SYSTEMS, INC..

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, CARLYN D. MEBANE [hereinafter Plaintiff] by and through undersigned counsel, and sue Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., [hereinafter Defendant], and allege:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in the Plaintiff resides in Duval County, Florida and the Defendant conducted business in Duval County, Florida.

### PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant is a collection agency doing business in Duval County, Florida and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

6.     The Plaintiff allegedly incurred a "debt" to GE Money Bank for a personal credit card which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. That debt was later transferred or assigned to the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. for the purpose of collection.

7.     Beginning in October, 2012, Marilyn Smith, an agent or employee of the Defendant, began relentlessly calling the Plaintiff to collect a debt and referenced account # 3783109 and amount in excess of $1,700.00.

8.     The Defendant repeatedly stated that they would freeze her bank account and that an affidavit had already been filed with the court.

9.     On November 1, 2012, the Plaintiff spoke to Mr. Marshall, an agent or employee of the Defendant. Mr. Marshall told the Plaintiff that an affidavit for wage garnishment had been filed. Incidentally, Mr. Marshall answers his telephone, "Marshall's Office" leading the unsophisticated consumer to assume that the collector was in fact a member of law enforcement, as a U.S. Marshall. Upon information and belief, Mr. Marshall is an alias of the collector and as such the name was only chosen to intimidate consumers.

10.    The above-detailed conduct by the Defendant of harassing the Plaintiff in an effort to collect a consumer debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and resulted in actual damages to the Plaintiff.

11.    Defendant's illegal abusive collection communications as more fully described

above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

12. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted).

15. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692d,

(Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C § 1692e(1) (affiliated with the United States), 15 U.S.C § 1692e(2) misrepresented the legal status of the debt, 15 U.S.C § 1692e(4), (represented that nonpayment would result in seizure or garnishment), 15 U.S.C § 1692e(5) (threaten to take any action that cannot legally be taken), and 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.)

16. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

18. By repeatedly and abusively contacting the Plaintiff and threatening seizure and garnishment when the Defendant had no legal rights to take such action and through implying that the collector was a U.S. Marshall, the Defendant has violated the FCCPA by:

　　a. Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his

      family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

  b. Simulate in any manner a law enforcement officer or a representative of any governmental agency Fla. Stat. §559.72(1);

  c. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9);

  d. Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not. Fla. Stat. §559.72(10);

    20. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

    21. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and are obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiffs prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
max@collinsstorylaw.com
Attorney for Plaintiffs